IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Brian Dale Bowers, | ) | C/A No.: 1:19-1516-TMC-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER AND NOTICE |
| Captain Marvin Nix, | ) | |
| Defendant. | ) | |

Brian Dale Bowers ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint against Captain Marvin Nix ("Defendant"), alleging a violation of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I. Factual and Procedural Background

Plaintiff alleges he has suffered unconstitutional conditions of confinement at Pickens County Detention Center ("PCDC"). Specifically, he alleges having experienced nose bleeds due to black mold, being denied care for a toothache that became infected, having back pain from sleeping on the floor for two years, and lacking access to legal books. [ECF No. 1 at 4, 6; ECF No. 1-1 at 7]. Plaintiff requests monetary damages. [ECF No. 1 at 6].[1]

---

[1] On March 22, 2019, Plaintiff filed a prior complaint against Defendant

II. Discussion

A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson*

---

challenging his conditions of confinement. *See* Compl., ECF No. 1, *Bowers v. Nix*, C/A No. 1:19-876-TMC-SVH (D.S.C. March 22, 2019) ("*Bowers I*"). In *Bowers I*, Plaintiff asserted PCDC was overcrowded, he had been forced to sleep on the floor for two years, and had suffered exposure to black mold, a bad tooth, and a swollen throat, and had not received medical care. *See id.*, ECF No. 7 at 4–5. Despite the court's warning, Plaintiff failed to correct certain pleading deficiencies and, on May 8, 2019, the court summarily dismissed *Bowers I* with prejudice because Plaintiff failed to connect Defendant to any of the alleged constitutional violations and, thus, failed to state a claim against him. *Id.*, ECF No. 13.

*v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

3

1. Personal Involvement

Plaintiff's complaint does not contain any factual allegations of constitutional wrongdoing or discriminatory actions attributable to Defendant. Accordingly, Plaintiff's civil rights claim is subject to summary dismissal. *See Leer v. Murphy*, 844 F.2d 628 (9th Cir. 1988) (noting "[s]weeping conclusory allegations against a prison official will not suffice"; an inmate must set forth specific facts as to each individual defendant's participation).

To the extent Plaintiff alleges Defendant is liable due to his supervisory role at PCDC, Plaintiff has not alleged sufficient facts to support this claim. The doctrine of supervisory liability is generally inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom that results in illegal action. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Fisher v. Washington Metro. Area Transit Authority*, 690 F.2d 1133, 1142–43 (4th Cir. 1982). The Supreme Court explains that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see Slakan v. Porter*, 737 F.2d 368, 372–74 (4th Cir. 1984) (finding officials may be held liable for the acts of their subordinates, if the official is aware of a pervasive,

4

unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization).

### 2. Conditions of Confinement

Conditions of confinement of pretrial detainees are evaluated under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment's proscription against cruel and unusual punishment. *Bell v. Wolfish*, 441 U.S. 520, 535, 537 n.16 (1979); *see also Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988). However, "pretrial detainees are entitled to at least the same protection under the Fourteenth Amendment as are convicted prisoners under the Eighth Amendment." *Young v. City of Mount Ranier*, 238 F.3d 567, 575 (4th Cir. 2001) (citing *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 243–44 (1983). Therefore, the standards applied in Eighth Amendment conditions of confinement cases are essentially the same as those in cases arising under the Fourteenth Amendment for pretrial detainees.

To state a claim that conditions of confinement violate constitutional requirements, "a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993). To demonstrate that the conditions deprived him of a basic human need, a plaintiff must allege that officials failed to provide him with humane

5

conditions of confinement, such as "adequate food, clothing, shelter, and medical care, and [taking] reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). As to the second prong, a prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to a prisoner and disregards that substantial risk. *Id.* at 847; *see also Parrish v. Cleveland*, 372 F.3d 294, 302 (4th Cir. 2004) (stating the standard of deliberate indifference requires actual knowledge and disregard of a substantial risk of serious injury).

Plaintiff has failed to allege sufficient facts regarding the conditions of his confinement to state actionable constitutional claims. *See Strickler*, 989 F.2d at 1381 (holding "plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions"); *Jordan v. Franks*, 2010 WL 4007641, at *2 (S.D. Ga. Aug. 30, 2010) ("[M]ere exposure to mold, mildew, and odors does not amount to 'an excessive risk to inmate health or safety' under the Eighth" or Fourteenth Amendments) (quoting *Farmer*, 511 U.S. at 834); *Farmer*, 511 U.S. at 834–35 ("only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement"); *Hines v. Sheahan*, 845 F. Supp. 1265, 1269 (N.D. Ill. 1994) ("requiring an inmate to sleep on a mattress on the floor does not in itself rise to the level of a constitutional violation"); *Smalls v. Myers*, No. 9:05-2995-GRA-GCK, 2006

WL 1454779, at *7 (D.S.C. May 24, 2006) ("Being forced to sleep on the floor or on an uncomfortable mattress, in and of itself, does not rise to a level of a constitutional violation."); *Lewis v. Casey*, 518 U.S. 343, 349 (1996) (holding an inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration in that his non-frivolous legal claim had been frustrated or was being impeded); *Jones v. Lexington Cnty. Det. Ctr.*, 586 F. Supp. 2d 444, 448 (D.S.C. 2008) ("the law is quite clear that those being temporarily detained in county facilities awaiting criminal trials do not have a constitutional right to a law library") (citing *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987)).

      3.     Official Capacity Claims

Plaintiff indicates he intends to sue Defendant in his official capacity. [ECF No. 1 at 2]. As an arm of the state, Defendant is immune from suit in his official capacity under the Eleventh Amendment.

The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The United States Supreme Court has long held the Eleventh Amendment also precludes suits against a state by one of its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). This immunity extends

not only to suits against a state per se, but also to suits against agents and instrumentalities of the state. *Cash v. Granville Cnty. Bd. of Ed.*, 242 F.3d 219, 222 (4th Cir. 2001).

Because Defendant is an employee of a South Carolina county, while acting in his official capacity, he is considered an arm of the state and not a "person" within the meaning § 1983. *See Pennington v. Kershaw Cnty., S.C.*, No. 3:12-1509-JFA-SVH, 2013 WL 2423120, at *4 (D.S.C. June 4, 2013) (citing S.C. Code Ann. § 4-1-10 and applying the Eleventh Amendment to a county as "a political subdivision of the State"); *Chisolm v. Cannon*, C/A No. 4:02-3473-RBH, 2006 WL 361375, at *5–6 (D.S.C. Feb. 15, 2006) (finding Charleston County Detention Center entitled to Eleventh Amendment immunity as an arm of the state); *Cone v. Nettles*, 417 S.E.2d 523, 525 (S.C. 1992) (employees of a county Sheriff are state officials); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a state nor its officials acting in their official capacities are 'persons' under § 1983.").

A state cannot, without its consent, be sued in a district court of the United States by one of its own citizens upon the claim that the case is one arising under the Constitution and laws of the United States. *Edelman*, 415 U.S. at 663. The State of South Carolina has not consented to be sued in this case, *see* S.C. Code Ann. § 15-78-20(e); thus, as an arm of the state,

Defendant is immune from Plaintiff's claims for damages against him in his official capacity.

For these reasons, Plaintiff's complaint is subject to summary dismissal.

### NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by June 25, 2019, along with any appropriate service documents. Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

*Shiva V. Hodges*

June 4, 2019
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge