IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Brian Dale Bowers, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:19-cv-1516-TMC |
| v. | ) |
| | ) **ORDER** |
| Captain Marvin Nix and Rick Clark, | ) |
| Defendants. | ) |

Plaintiff Brian Dale Bowers, proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983 alleging the Defendants violated his constitutional rights. (ECF Nos. 1; 12). The case was referred to a magistrate judge for all pretrial proceedings pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.). Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss this action without issuance and service of process. (ECF No. 15). Plaintiff filed objections to the Report, (ECF No. 17), and this matter is now ripe for review.

**I. Background**

Plaintiff claims that he was deprived of his constitutional rights while in pre-trial detention at the Pickens County Detention Center ("PCDC"), alleging that officials failed to provide reasonable medical care for a severely infected tooth, (ECF No. 12 at 14); that he was exposed to black mold in a poorly-ventilated cell, *id*. at

15; that he was placed restrictive confinement without a hearing and remained there for one and one-half years, *id*. at 16; that he was placed in an overcrowded cell and forced to sleep on the floor during his time at PCDC, *id*. at 17; and that he had no access to a law library at PCDC, *id*. at 18.  Plaintiff seeks $30,000 in damages for his medical needs resulting from the tooth infection, exposure to black mold and back pain from sleeping on the floor. *Id*. at 6.  Plaintiff also seeks to recover for emotional distress resulting from the prison conditions to which he has been subjected. *Id*.

## II. Standard of Review

In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. (ECF No. 15).  The recommendations set forth in the Report, however, have no presumptive weight, and this court remains responsible for making a final determination in this matter.  *See Matthews v. Weber*, 423 U.S. 261, 270–71 (1976).  The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).  However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]"  *Dunlap v. TM Trucking of the*

*Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id*. at 662 n.6 (internal quotation marks omitted). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g., Frazier v. Wal-Mart, C.A*. No. 6:11-1434-MGL, 2012 WL 5381201, at *1 (D.S.C. Oct. 31, 2012) (noting that "almost verbatim restatements of the arguments made in previously ruled upon discovery motions" are not specific objections); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This does not mean, however, that the court can

3

ignore the Plaintiff's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. Discussion

The magistrate judge's Report recommends the court dismiss this action without issuance and service of process. (ECF No. 15 at 11). The magistrate judge concluded that Eleventh Amendment precludes Plaintiff's action against Defendant Rick Clark ("Clark") (ECF No. 15 at 9–10), who Plaintiff sued in his official capacity as Sheriff of Pickens County (ECF No. 12 at 2). As to Defendant Captain Marvin Nix ("Nix"), the magistrate judge concluded that Plaintiff failed to allege that any of the alleged constitutional violations were attributable Nix (or Clark) individually. (ECF No. 15 at 5–6, 8–9). Additionally, the magistrate judge concluded that Plaintiff failed to allege "sufficient facts regarding the conditions of his confinement to state actionable constitutional claims." *Id*. at 7. Finally, to the extent the Plaintiff attempts to bring this action on behalf of other individuals, the magistrate judge concluded that pro se prisoners may not bring lawsuits on behalf of other prisoners. *Id*. at 10–11.

In his objections to the Report, Plaintiff generally restates the claims he asserted in his original and amended complaints. (ECF No. 17). Nevertheless, considering Plaintiff's pro se status, the court construes Plaintiff's objections

4

liberally and gleans an objection to the conclusion of the magistrate judge that the amended complaint failed to allege sufficient individual involvement by Nix. *See id*. Plaintiff contends that Nix was informed of his medical needs "via chain of command." *Id*. at 1. Plaintiff appears to base this claim on the fact that he submitted various grievances regarding black mold exposure and other health concerns. (ECF Nos. 17; 17-1). Thus, Plaintiff argues that Defendants are both "liable and responsible through the official chain of command." (ECF No. 17 at 5). This objection, however, essentially repeats the deficient claims set forth in the amended complaint. Plaintiff fails to allege that Nix or Clark had any involvement in Plaintiff's medical care or any of the other conduct underlying his claims and asserts simply that Defendants are liable "through" the chain of command. Such allegations are insufficient to establish a claim. *See Dawson v. Abston*, No. CA 4:13-cv-1366-DCN, 2014 WL 2468453, at *6 (D.S.C. June 2, 2014), *aff'd*, 584 F. App'x 162 (4th Cir. 2014) ("Deliberate indifference to a serious medical need requires proof that each Defendant knew of and disregarded the risk posed by the Plaintiffs objectively serious medical needs."). Accordingly, the court overrules this objection.

Having thoroughly reviewed the record, the Report, and Plaintiff's Objections and other filings, the court finds no reason to deviate from the Report's recommended disposition. The court adopts the magistrate judge's Report, (ECF

5

No. 15), and incorporates it herein. Accordingly, this action is **DISMISSED** without prejudice and without issuance or service or process.

    **IT IS SO ORDERED**.

                                                  s/Timothy M. Cain
                                                  United States District Judge

Anderson, South Carolina
April 1, 2020

### NOTICE OF RIGHT TO APPEAL

    The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.